IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LOWELL QUINCY GREEN,<br>    ID # 518622,<br>        Plaintiff,<br>vs.<br><br>HON. K. NICOLE MITCHELL,<br>        Defendant. | )<br>)<br>)<br>)  No. 3:19-CV-0016-C (BH)<br>)<br>)<br>)  Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Special Order No. 3-251*, this *pro se* prisoner case has been automatically referred for judicial screening. Before the Court is the plaintiff's untitled filing received on February 22, 2019 (doc. 7). Based on the relevant filings, evidence, and applicable law, the post-judgment filing should be construed as a motion seeking relief under Fed. R. Civ. P. 59(e) and **DENIED**.

**I. BACKGROUND**

The plaintiff filed a complaint against a United States Magistrate Judge in the Eastern District of Texas based on her handling of his previous civil rights case. (*See* doc. 2 at 1-2.)[1] On January 7, 2019, it was recommended that the case be summarily dismissed as barred by the "three-strikes" rule of 28 U.S.C. § 1915(g), unless the plaintiff timely paid the filing fee. (*See* doc. 3.) The plaintiff filed objections. (*See* doc. 4.) The recommendation was accepted, and the case was dismissed as three-strikes barred on January 23, 2019. (*See* docs. 5, 6.)

The plaintiff's filing (doc. 7) again complains about the handling of the previous civil rights case and apparently seeks reinstatement of the present case. He still has not paid the filing fee.

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

## II.  RULE 59(e)

Where a post-judgment motion challenges a final judgment, it is treated either as a motion to alter or amend the judgment under Rule 59(e), or as a motion seeking relief from judgment under Rule 60(b).  *See Lavespere v. Niagara Mach. & Tool Works, Inc.,* 910 F.2d 167, 173 (5th Cir.1990), *abrogated on other grounds by Little v. Liquid Air Corp.,* 37 F.3d 1069, 1076 n. 14 (5th Cir.1994). *See Williams v. Thaler*, 602 F.3d 291, 303 & n. 10 (5th Cir. 2010).  Because the plaintiff filed his motion within 28 days after the judgment was entered, it motion should be properly construed as a motion to alter or amend judgment under Rule 59(e).  *See Williams v. Thaler*, 602 F.3d 291, 303 & n. 10 (5th Cir. 2010) ("When a litigant files a motion seeking a change in judgment, courts typically determine the appropriate motion based on whether the litigant filed the motion within Rule 59(e)'s time limit.").

To prevail on a motion to alter or amend a judgment under Rule 59(e), the moving party must show (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) a manifest error of law or fact.  *See Schiller v. Physicians Resource Group, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).  A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).  Although courts have "considerable discretion" to grant or to deny a Rule 59(e) motion, they use the "extraordinary remedy" under Rule 59(e) "sparingly." *Id.* at 479, 483.  When considering a motion to alter or amend judgment, "[t]he court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).

2

The plaintiff has not alleged or shown an intervening change in controlling law, the availability of new evidence not previously available, or a manifest error of law or fact. He has still not paid the filing fee as directed, and he has not explained his failure to do so. He has not shown that he is entitled to relief under Rule 59(e).

### III. RECOMMENDATION

The plaintiff's filing (doc. 7) should be construed as a motion to alter or amend the judgment under Rule 59(e) and **DENIED.**

**SO RECOMMENDED** on this 25th day of February, 2019.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE