IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LOWELL QUINCY GREEN, ) | |
|     ID # 518622, ) | |
|         Plaintiff, ) | |
| vs. ) | No. 3:19-CV-0016-C (BH) |
| ) | |
| HON. K. NICOLE MITCHELL, ) | |
|         Defendant. ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court is the plaintiff's untitled filing, received on April 22, 2021 (doc. 17). Based on the relevant filings and applicable law, the motion should be construed as seeking relief under Fed. R. Civ. P. 60(b) and **DENIED**.

**I. BACKGROUND**

The plaintiff filed a complaint against a United States Magistrate Judge in the Eastern District of Texas based on her handling of his previous civil rights case. (*See* doc. 2 at 1-2.)[2] On January 7, 2019, it was recommended that the case be summarily dismissed as barred by the "three-strikes" rule of 28 U.S.C. § 1915(g), unless the plaintiff timely paid the filing fee. (*See* doc. 3.) The plaintiff filed objections. (*See* doc. 4.) The recommendation was accepted, and the case was dismissed as three-strikes barred on January 23, 2019. (*See* docs. 5, 6.)

The plaintiff filed an untitled motion, received on February 22, 2019 (doc. 7), that complained about the handling of the previous civil rights case and sought reinstatement of this case. On February 25, 2019, it was recommended that the motion be construed as a motion under Fed. R. Civ. P. 59(e) and denied because he still had not paid the filing fee, and the recommendation was

---

[1] By *Special Order No. 3-251*, this *pro se* prisoner case has been automatically referred for full case management.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

accepted on March 19, 2019.  (docs. 8, 11.)

In the interim, on March 12, 2019, the plaintiff filed a motion alleging that his conviction in Cause No. 89-97008 in Dallas County, Texas, was void because the state court lacked jurisdiction based on a void indictment, and that the defendant United States Magistrate Judge lacked authority to enforce his unlawful restraint in the state criminal case.  (*See* doc. 9 at 4-7.)  He also claimed that this Court lacked authority to impose § 1915(g) on a void conviction.  (*See id.* at 7.)  On March 14, 2019, it was recommended that the motion be construed as arising under Fed. R. Civ. P. 60(b) and denied for lack of merit, and the recommendation was accepted on April, 2019. (doc. 10.)

On January 21, 2021, the plaintiff's untitled filing was received, in which again appeared to seek to proceed with this case.  (doc. 13.)  The filing was construed as another motion under Fed. R. Civ. P. 60(b) and denied for lack of merit.  (docs. 14, 16.)

The plaintiff appears to again seek to proceed with this case, and he appears to seek to sue other judges.  (doc. 17.)  He has not paid the filing fee.

## II.  RULE 60(b)

The plaintiff's motion may be liberally construed as a motion seeking relief under Federal Rule of Civil Procedure 60(b).  *See Smith v. Texas Dep't of Criminal Justice, Institutional Div.* 79 F. App'x 61, 62, (5th Cir. 2003).[3]

Rule 60(b) provides that a court may relieve a party from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered

---

[3] The motion is not construed as a 28 U.S.C. § 2254 habeas petition, because he previously challenged the conviction with a § 2254 petition that was denied.  *Green v. Davis*, No. 3:18-CV-1459-M (N.D. Tex. Feb. 7, 2019).  A new habeas petition would be successive, and a district court cannot exercise jurisdiction over a second or successive § 2254 petition without authorization from the court of appeals.  *See* 28 U.S.C. § 2244(b); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003).  The plaintiff has not shown that he has been authorized to file a successive § 2254 petition.

evidence that, with reasonable diligence, could not have been discovered earlier; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or it is based on an earlier judgment that has been reversed or vacated, or that applying the judgment prospectively is no longer equitable; or (6) any other reason that justifies relief.  Fed. R. Civ. Proc. 60(b)(1)-(6).

Rule 60(b)(6) is "a residual clause used to cover unforeseen contingencies; that is, it is a means for accomplishing justice in exceptional circumstances." *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007) (quoting *Stipelcovich v. Sand Dollar Marine, Inc.*, 805 F. 2d 599, 604-05 (5th Cir. 1986)).  Motions under this clause "will be granted only if extraordinary circumstances are present." *Hess*, 281 F.3d at 216.  In *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396 (5th Cir. 1981), the Fifth Circuit set forth several considerations for evaluating a motion under Rule 60(b)(6): (1) that final judgments should not lightly be disturbed; (2) that a Rule 60(b) motion should not be used as a substitute for appeal; (3) that the rule should be liberally construed in order to achieve substantial justice; (4) whether, if the case was not decided on its merits due to a default or dismissal, the interest in deciding the case on its merits outweighs the interest in the finality of the judgment and there is merit in the claim or defense; (5) whether, if the judgment was rendered on the merits, the movant had a fair opportunity to present his claims; (6) whether there are intervening equities that would make it inequitable to grant relief; and (7) any other factors relevant to the justice of the judgment under attack.  *Id.* at 402.

The plaintiff has again failed to show a basis for relief under Rule 60(b).  The alleged merits of his claims are irrelevant to the determination of whether the three-strikes rule bars him from proceeding *in forma pauperis*.  *See Bishop v. Sargent Dischner*, 16 F. App'x 891, 894 (10th Cir.

3

2001) (merits of claims irrelevant to whether plaintiff was three-strikes barred from proceeding *in forma pauperis* on appeal). A court may dismiss a complaint for failure to pay the filing fee as ordered. *See Wilson v. Moreno*, 95 F.3d 46 (5th Cir. 1996) (district court did not err in dismissing case where plaintiff did not comply with court order to file application to proceed *in forma pauperis* or pay the filing fee). He has still not alleged extraordinary circumstances such that denial of his motion would be "so unwarranted as to constitute an abuse of discretion." *See Vafaiyan v. City of Wichita Falls*, 398 F. App'x 989, 990 (5th Cir. 2010) (noting standard of review for denial of Rule 60(b) motions). Nor would granting his motion be consistent with the considerations listed in *Seven Elves*. He is barred from proceeding *in forma pauperis* without prepayment of the filing fee under the three-strikes rule, and he has not paid the filing fee.

### III. RECOMMENDATION

The plaintiff's motion should be construed as arising under Rule 60(b) and **DENIED.** He should also be warned that continued frivolous post-judgment motions in this case could subject him to sanctions, including monetary sanctions and a bar on additional filings in this district, unless he first obtains leave of court and pays the applicable filing fee. To the extent that the plaintiff seeks to assert new claims against new defendants, the Clerk's Office is **INSTRUCTED** to send him a copy of this Court's standard forms for filing a complaint under 42 U.S.C. § 1983, in case he wishes to file a new civil action. Any new civil action will be subject to the requirement in the Prison Litigation Reform Act (PLRA) that <u>all</u> prisoners who bring a civil action pay the full $402.00 filing fee and the "three-strikes" rule. *See* 28 U.S.C. §§ 1915(b)(1), (g).[4]

---

[4] A $52 administrative fee will be assessed in addition to the $350 filing fee, resulting in a total filing fee of $402 for a civil action in which the plaintiff has not sought or been granted leave to proceed *in forma pauperis*. *See* District Court Miscellaneous Fee Schedule.

**SO RECOMMENDED** on this 26th day of April, 2021.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE